IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brandon Sims, #319768, | ) | C/A No.: 1:12-976-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Anthony J. Padula, Lee | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Brandon Sims is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #19, #20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by September 7, 2012. [Entry #21]. Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Petitioner failed to respond timely to the motion.

On September 11, 2012, the court ordered Petitioner to advise whether he wished to continue with the case by September 25, 2012. [Entry #23].

Notwithstanding the court's orders, Petitioner failed to timely respond to Respondent's motion for summary judgment. The undersigned issued a Report and

Recommendation on September 28, 2012 ("First R&R"), recommending, *inter alia*, that this action be dismissed with prejudice for failure to prosecute. [Entry #25]. After the First R&R issued, Petitioner submitted an untimely response in opposition to the motion for summary judgment. [Entry #27]. The undersigned now vacates the First R&R and issues the instant Report and Recommendation, after having carefully considered the parties' submissions and the record in this case. The undersigned recommends that Respondent's motion for summary judgment be granted on the merits.

I.      Procedural Background

Petitioner was indicted by the Richland County grand jury in August 2005 for murder (2005-GS-40-6299), assault with intent to kill (AWIK) (2005-GS-40-5636), and criminal conspiracy to commit armed robbery (2005-GS-40-5637). [Entry #20-1 at 128-133]. Petitioner was represented by Cameron B. Littlejohn, Jr. and pled guilty on January 18, 2007 before the Honorable G. Thomas Cooper to voluntary manslaughter, conspiracy to commit armed robbery, and AWIK. [Entry #20-1 at 3-56]. Judge Cooper sentenced Petitioner to 20 years for voluntary manslaughter, 5 years for conspiracy, and 10 years for AWIK, all to run concurrently. [Entry #20-1 at 54-55].

Petitioner filed a timely notice of appeal from his guilty pleas and sentences, but thereafter withdrew the appeal. [Entry #20-2]. The South Carolina Court of Appeals ("Court of Appeals") issued an order of dismissal and remittitur on March 21, 2007. [Entry #20-3].

Petitioner filed an application for post-conviction relief ("PCR") on November 5, 2007. [Entry #20-1 at 57-75]. A PCR evidentiary hearing was held before the Honorable L. Casey Manning on April 2, 2009, at which Petitioner and his counsel, Charles T. Brooks, III, Esq. appeared. [Entry #20-1 at 84-108]. On June 23, 2009, Judge Manning filed an order of dismissal. [Entry #20-1 at 109-126]. Petitioner appealed from the denial of PCR by way of a Petition for Writ of Certiorari in the Supreme Court of South Carolina. [Entry #20-4].

Appellate Defender Elizabeth Franklin-Best of the South Carolina Office of Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. The petition raised the following issue: "Was trial counsel ineffective for failing to ask the judge to reconsider the 20 year sentence he imposed when that lengthy sentence was imposed in the context of a highly charged, emotional plea, and petitioner offered significant mitigating facts to the court? [Entry #20-4 at 3].

The Supreme Court of South Carolina denied the petition on May 26, 2011. [Entry #20-6]. The remittitur issued on June 13, 2011. [Entry #20-7].

Petitioner filed this federal petition for a writ of habeas corpus on April 3, 2012. [Entry #1-2 at 2].[1]

---

[1] The petition was received by the court on April 5, 2012 and docketed on April 9, 2012. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). Petitioner dated his petition March 12, 2012, but his envelope indicates the petition was deposited in the Lee Correctional mailing system on April 3, 2012.

II.    Discussion

A.    Federal Habeas Issues

Petitioner states the following three grounds in his habeas petition:

**Ground One:**      Ineffective assistance of counsel

Supporting facts: Counsel failed to prepare an adequate and accurate defense for a trial, as counsel took outside influences over the Petitioner's rights to exercise a right to trial, it clearly defined counsel being ineffective, pursuant to the US Const. 6th and 14th Amend. rights.

**Ground Two:**      Counsel failed to raise pretrial issues to the trial record to exercise Petitioner's due process and equal protection rights to have issues ruled upon and preserved for appellate reviews.

Supporting facts: Counsel had investigations reports, arrest warrants, statements from co-defendants, indictments, witnesses statements, & forensic reports and counsel failed to secure Petitioner a hearing before the trial court, the counsel failed to place to the court that Petitioner was not identified as a participant of the alleged criminal incident;

**Ground Three:**      Prosecutorial misconduct: The Solicitor made it known that Petitioner was a known gang member to determine if he were to charge Petitioner as did.

Supporting facts: The Prosecutor revealed through discovery materials that Petitioner were not given the benefit of the doubt about being involved in the alleged crime because a co-defendant stated that Petitioner was in a gang, This in itself is a form of discrimination and contradicts fundamental fairness of justice should be served.

**Ground Four:**      Defective and insufficient indictment.

Supporting facts: Counsel was ineffective for not challenging the defective and insufficient indictment by the invalidity of the set forth charges of murder and AWIK. By raising the clear findings from the investigation, because the charges unfounded and not supported by the evidence of the case, Therefore had counsel made timely challenging to the defective indictment to the trial court it would have been a different outcome.

**Ground Five:**      Involuntary guilty plea

Supporting facts: Counsel's failure to follow the Rules of S.C. Professional Conduct provisions as applicable in the substance of being an advocator for the applicant as his client in doing what was practical in protection of the applicant's constitutional rights to a trial but instead, the counsel engaged into unethical conducts and practices by intimidating and manipulating the Petitioner to plead guilty to all charges, and as forthcoming by him engaging and using inappropriate tactics such as conspiring with the Solicitor's Office counsel to persuade the Petitioner to plead guilty by his continuous stances from the Solicitor's Office, just because the charges were murder, and in the end results the Solicitor Office counsel could charge Petitioner with a the murder offense because he was not the one who murdered no one, the counsel even went the method of scaring Petitioner that if he went to trial he would automatically be convicted by a jury, and in this methods counsel used itself warrants a vacation of convictions, counsel were ineffective just by not attending to the Petitioner's case as he should and the State's own records would show just these deficient on the counsel behalf being committed in Petitioner's case matter that the States court overlooked.

[Entry #1 at 6-13].

B.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can

the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      C.      Habeas Corpus Standard of Review

            1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)      the applicant has exhausted the remedies available in the courts of the State; or

(B)      (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of

clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual

circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and

provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first

must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States pre Court has held that "state prisoners must give the state

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162−65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.

As the Supreme Court explains:

. . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D.    Analysis

1.    AEDPA's Statute of Limitations

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996 and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

18

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[3]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial

---

[3] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 258 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances

external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Finality of Judgment for Purposes of the AEDPA

Respondent argues Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on March 21, 2007, the date the Court of Appeals issued its remittitur dismissing his direct appeal.

The AEDPA's statute of limitations provides, in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)     the date on which the judgment became final **by the conclusion of direct review or the expiration of the time for seeking such review**;
             . . .

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

The emphasized language of § 2244(d)(1)(A) is at issue here. Often, the "direct review" of an underlying criminal judgment will include the 90 days within which a petitioner could seek certiorari from the United States Supreme Court. *See* Sup. Ct. R. 13(1) (providing petition for certiorari is for review of judgment from case entered by a "state court of last resort").  Accordingly, the statute of limitations would not begin to run until the expiration of the 90-day period for seeking certiorari from judgment entered by a state court of last resort. However, a petitioner may not be entitled to the 90-day tolling period when the United States Supreme Court lacks jurisdiction to review the direct appeal. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . .."); Sup. Ct. R. 13(1).

In this case, it appears Petitioner directly appealed to the Court of Appeals. After he withdrew his appeal from the Court of Appeals, the Court of Appeals the dismissed it,

and he did not petition the South Carolina Supreme Court for certiorari. If the Court of Appeals is considered a "state court of last resort," Petitioner could have sought a writ of certiorari directly to the United States Supreme Court, thereby tolling the running of AEDPA statute of limitations for the 90 days. If the Court of Appeals is not considered the "state court of last resort" for Petitioner's direct appeal, he would not be entitled to the additional 90-day tolling period, and the judgment would have been considered final when the Court of Appeals issued its remittitur on March 21, 2007. *See Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994) (noting final disposition occurs "when remittitur is returned by the clerk of the appellate court and filed in the lower court").

The undersigned agrees with the reasoning of cases in this district that hold that the South Carolina Supreme Court remains the "state court of last resort" for purposes of determining whether the 90-day tolling period should be added to the limitations period for a petitioner who did not seek the South Carolina Supreme Court's review of the Court of Appeals' dismissal of his direct appeal. *See, e.g., Glover v. Warden*, 3:10-2277-DCN-JRM, 2011 WL 2731325 (D.S.C. May 31, 2011) (adopted on Jul. 13, 2011); *Bryant v. Cartledge*, 3:09-3234-CMC, 2011 WL 145328 (D.S.C. Jan. 18, 2011); *Reddock v. Ozmit*, 3:09-204-RBH, 2010 WL 568870 (D.S.C. Feb. 11, 2010); *Martino v. Cartledge*, 0:09-527-HMH, 2010 WL 56093 (D.S.C. Jan. 4, 2010); *Hammond v. Hagan*, 4:07-1081-JFA, 2008 WL 2922860, at *3 (D.S.C. July 24, 2008) (finding petitioner who did not seek certiorari review from the South Carolina Supreme Court, "is not entitled to an additional

tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court."); *and Moore v. Padula*, 8:07-1471-HMH, 2008 WL 1994842 (D.S.C. May 5, 2008).

In finding petitioners were not entitled to the 90-day tolling period when they did not pursue review beyond the remittitur from the Court of Appeals, several of these decisions discussed the interplay between the AEDPA's requirement and decisions of the Supreme Court of South Carolina that do not require a criminal defendant to seek certiorari from the South Carolina Supreme Court for purposes of exhausting available state court remedies in collateral proceedings. *See In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (holding "a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the [South Carolina] Court of Appeals in order to be deemed to have exhausted all available state remedies."); *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002) (considering *In re Exhaustion* and finding discretionary review by the state supreme court as outside the standard review process, making a request for such discretionary review was unnecessary to exhaust state remedies). The undersigned agrees with the analysis in these cases that "while both exhaustion of state remedies and timeliness are statutory considerations precedent to federal habeas review, they are independent requirements." *Reddock*, 2008 WL 568870, at *3.[4]

---

4 As noted in the *Reddock* and *Marino* decisions, some courts in this district have

Because the South Carolina Supreme Court, and not the Court of Appeals, is the court of last resort in considering direct appeals,[5] a habeas petitioner who does not seek review from the South Carolina Supreme Court will be unable to obtain certiorari review from the United States Supreme Court. Accordingly, in such situations, the habeas

---

suggested that a petitioner may be entitled to toll the 90 days to seek certiorari review from the United States Supreme Court even when he did not petition the South Carolina Supreme Court for certiorari after the Court of Appeals dismissed his appeal. *See Gainey v. South Carolina*, 9:08-3900-PMD, 2009 WL 2644013 (D.S.C. Aug. 26, 2009 *Goodman v. Cartledge*, 9:07-3519-MBS, 2008 WL 4458186 (D.S.C. Sept. 30, 2008). These decisions seem to base that finding in part on *Salters v. Greenville Housing Authority*, 469 U.S. 1225 (1985) (mem.) for the proposition that, arguably a petitioner could obtain the United States Supreme Court's certiorari review directly from a South Carolina Court of Appeals decision. However, as Judge Herlong explained, "the South Carolina Supreme Court's records show that in *Salters*, the petitioner did in fact seek certiorari from the South Carolina Supreme Court before filing her certiorari petition with the United States Supreme Court." *Martino*, 2009 WL 4727554, at *6 n. 5. The undersigned finds *Salters* does not support the suggestion that a petitioner may seek certiorari review by the United States Supreme Court of a South Carolina Court of Appeals' decision without first seeking certiorari review from the South Carolina Supreme Court.

[5] The undersigned notes that, in 2009, the South Carolina Supreme Court indicated it would no longer consider certiorari petitions for matters in which the Court of Appeals had dismissed a criminal defendant's direct appeal after *Anders* review. *State v. Lyles*, 673 S.E.2d 811, 812 (S.C. 2009) ("We deny the petition and hold that, as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review."). As the *Reddock* court explained, *Lyles* suggests that, for matters on direct appeal after the February 19, 2009 date of the *Lyles* decision, an appellant may be able to seek certiorari review from the United States Supreme Court directly from the Court of Appeals' *Anders* dismissal. *See Reddock*, 2010 WL 568870, *5 (noting *Lyles* indicates a revised state procedure that would make the South Carolina Court of Appeals the "'the highest court of a State in which a decision could be had' regarding cases that were dismissed pursuant to *Anders* review."). Because *Lyles* was not decided until 2009, several years after Petitioner's direct appeal was dismissed by the South Carolina Court of Appeals, this change in state procedure for purposes of seeking certiorari from the United States Supreme Court would not apply to his case. *Accord Reddock*, 2010 WL 568870, *5.

petitioner's direct appeal will be considered final for purposes of the AEDPA's limitations period on the date the Court of Appeals issues its remittitur.

3.      Petitioner's Petition Was Not Timely Filed

In this case, Petitioner could have sought certiorari from the South Carolina Supreme Court, but he did not do so. Accordingly, the United States Supreme Court would have lacked jurisdiction to consider his request for a writ of certiorari. Therefore, he is not entitled to have the AEDPA's statute of limitations tolled for the 90 days within which he could have sought such review.

The undersigned agrees with Respondent's position that Petitioner's judgment became final for purposes of the AEDPA's statute of limitations on March 21, 2007 when the Court of Appeals issued its remittitur. He filed his PCR application 229 days later, on November 5, 2007, tolling the statute of limitations with 136 days of the one-year limitations remaining. The circuit court dismissed his PCR application, and the Court of Appeals denied his request for appellate review.  On June 13, 2011, the South Carolina Supreme Court issued the remittitur, which meant his PCR application was no longer "pending" for purposes of the tolling provision of 28 U.S.C. § 2244(d)(2). *See Holland*, 130 S. Ct. at 2557 (noting tolling pursuant to 28 U.S.C. § 2244(d)(2) does not continue during pendency of any discretionary review of PCR application). The remaining 136 days of the statute of limitations for Petitioner to bring a federal habeas petition expired on October 27, 2011. Accordingly, Petitioner's federal habeas petition, filed April 3,

2012, was filed some five months too late. The undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

4. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this Petition in no manner suggests that he diligently pursued his rights.

The undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

b.    Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitled Petitioner to equitably toll the AEDPA's statute of limitations. *See Holland v. Florida*, 130 S. Ct. 2549 (2010) (holding that although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, a "'garden variety claim' of attorney negligence" does not warrant tolling); *United States v. Sosa*, 364 F.3d at 512 ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Jones v. South Carolina*, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing

equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned vacates the First R&R [Entry #25] and issues this instant Report and Recommendation, recommending that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 9, 2012                                Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).