IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Brandon Sims, #319768, | ) | Civil Action No.: 1:12-976-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Warden Anthony J. Padula, Lee Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Brandon Sims ("Petitioner") proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

This matter is before the court on Respondent's motion for summary judgment. (ECF No. 19.) Since Petitioner is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on August 2, 2012, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 21). In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner failed to respond to the motion. On September 11, 2012, the court issued a second order and advised Petitioner to file a response by September 25, 2012, otherwise the case would be recommended for dismissal. (ECF No. 23). Petitioner did not respond to this order and did not file any responsive documents. Thus, Magistrate Judge Hodges

recommended, *inter alia*, that this action be dismissed for lack of prosecution in a Report and Recommendation ("First Report") filed on September 28, 2012. (ECF No. 25).

On October 1, 2012, Petitioner filed an untimely Response in Opposition to Respondent's Motion for Summary Judgment. (ECF No. 27.) The case was referred back to the Magistrate Judge to consider Petitioner's untimely response. On October 9, 2012, Petitioner the Magistrate Judge vacated the September 28, 2012, Report and issued a second Report and Recommendation ("Second Report") on October 24, 2012. In the Second Report, the Magistrate Judge recommended that Respondent's Motion for Summary Judgment be granted, and the petition for habeas relief be denied. (ECF No. 29.) On October 19, 2012, after entry of the Magistrate Judge's Second Report, Petitioner filed a motion for an extension of time to file objections to the Magistrate Judge's September 28, 2012, Report. (ECF No. 31.) Petitioner also set forth an explanation for the untimeliness of his opposition to Respondent's motion for summary judgment. Id. On the same day Petitioner sought an extension to file objections to the September 28, 2012, Report, Petitioner filed objections. (ECF No. 32.) The Court entered a Text Order Mooting Petitioner's Motion for Explanation for Delays and Petitioner's Objections to the September 28, 2012. Petitioner was advised in the Text Order once again that the Magistrate Judge had vacated her September 28, 2012, Report and had issued a Second Report on October 9, 2012. The Parties were specifically advised of their right to file specific objections and that objections to the Second Report were due on or before October 26, 2012. (ECF No. 33.) No Objections have been filed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final

2

determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). The Magistrate Judge advised Petitioner of his right to file specific objections to the Report and Recommendation. (ECF 29 at 30.) Petitioner has filed no objections and the time for doing so expired on October 26, 12. (ECF No. 33.)

After a thorough review of the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Second Report (ECF No. 29) by reference into this order.

It is therefore ORDERED that the Respondent's motion for summary judgment is GRANTED and the petition for habeas relief is DENIED.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

s/Mary G. Lewis  
United States District Judge

November 8, 2012  
Spartanburg, South Carolina